| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| FOR THE NORTHERN DISTRICT OF CALIFORNIA | |
| CURTIS M. JOHN-CHARLES, | No. C 07-05786 CW (PR) |
| Plaintiff, | ORDER OF SERVICE |
| v. | |
| E. ABANICO, et al., | |
| Defendants. / | |

Plaintiff Curtis M. John-Charles, a state prisoner, has filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging a constitutional rights violation while incarcerated at the Correctional Training Facility (CTF). His motion for leave to proceed in forma pauperis has been granted.

Venue is proper in this district because the events giving rise to the action occurred at CTF, which is located in this district. See 28 U.S.C. § 1371(b).

BACKGROUND

Plaintiff alleges that various CTF prison officials violated his constitutional rights from August 18, 2006 through August 29, 2007. Plaintiff's complaint is thirty pages long and includes fifty-five paragraphs, in which he describes multiple incidents that occurred during this time frame. Plaintiff alleges that he has exhausted his administrative remedies as to his claims. He submitted his 602 inmate appeal at the informal level on September 1, 2006, and he received a decision at the Director's level of review on June 11, 2007. (Compl. at 2.)

The complaint includes numerous harassment, deprivation of property and supervisory liability claims which are either

conclusory or fail to state a claim for relief. The Court addresses in detail only the allegations that relate to: (1) alleged acts of sexual assault by Defendant CTF Correctional Officer E. Abanico and the resulting acts of retaliation; (2) an alleged act of sexual assault by Defendant CTF Correctional Officer L. Rayasa; and (3) alleged use of excessive force by Defendant Abanico.

Plaintiff claims that he was sexually abused by Defendant Abanico, who touched him in a sexually explicit manner on August 18, 2006 when he started to "grab and massage Plaintiff's penis and scrotum" while doing a "pat down." (Id. at 4.) Plaintiff also claims that because they did not stop Defendant Abanico during the August 18, 2060 incident, Defendants CTF Sergeant A. Padilla and CTF Correctional Officer K. Lynch are liable for "aiding and abetting Defendant Abanico in a sexual assault perpetrated against the Plaintiff." (Id. at 29.)

Plaintiff states that he filed a 602 appeal against Defendants Abanico, Padilla and Lynch relating to the alleged "sexual assault perpetrated against Plaintiff." (Id. at 6.) He also claims that he sent letters to Defendants' Ombudsman Matthew Thomas, Warden Ben Curry, Director James Tilton and Secretary A.P. Kane regarding the alleged sexual assault.

Plaintiff also claims that Defendants Abanico, Padilla and Lynch acted in retaliation because they were "aware of the many successful inmate appeals that the Plaintiff had litigated against staff." (Id. at 6-7.)

Plaintiff alleges that Defendants Padilla and Abanico conducted another search on September 6, 2006 in retaliation for

2

the initial sexual assault complaint stemming from the August 18, 2006 incident. Defendant Abanico "grabbed and massage[d] Plaintiff's penis and scrotum as he proceeded to do his pat down." (Id. at 8.) Again, Plaintiff claims Defendant Padilla did nothing to stop Defendant Abanico. (Id.) Plaintiff again contacted Defendants Thomas, Curry, Tilton and Kane regarding this alleged second incident of sexual assault. Plaintiff also adds that Defendants CTF Appeals Coordinators P. G. Dennis and A. Aboytes "were aware of the facts of Plaintiff's sexual assault complaint through the screening process . . . ." (Id. at 9.)

On January 25, 2007, Plaintiff refused to allow Defendant Abanico to search him. Defendant CTF Correctional Officer J. Nabor searched Plaintiff, and Defendant Abanico searched Plaintiff's legal property. Plaintiff alleges that, in the process of searching his property, Defendant Abanico intentionally broke Plaintiff's eyeglasses to harass him.

On February 15, 2007, Plaintiff was scheduled for a program review with the Unit Classification Committee (UCC) in order "to get a reduction in his custody level; as well as, a transfer to alleviate all of the retaliatory reactions, and harassment that he was experiencing whenever he was in the main corridor." (Id. at 15.) Prior to his program review, Plaintiff had to undergo a general search. He claims that Defendant Nabor called Defendant Abanico to do the search, but Plaintiff refused to allow Defendant Abanico to conduct the search. Defendant Nabor searched Plaintiff and found documents that Plaintiff claims were exhibits for his hearing. When Defendants Nabor and Abanico tried to confiscate his exhibits, Plaintiff turned to Defendants Correctional Officers G.

3

Lavelle and K. Gomez for assistance but they ignored his request. Plaintiff claims Defendants Lavelle and Gomez "willfully and deliberately failed to correct or prevent the retaliatory conduct of Defendants Abanico and Nabor." (Id. at 16.) Plaintiff then asked Defendant CTF Captain I. Guerra for her assistance, and she offered to make a copy of Plaintiff's exhibits. His program review was conducted by Defendant Guerra as well as CTF Correctional Counselors B. Villelobos and D. J. Carnazzo. Plaintiff claims he attempted to bring to their attention "the on-going problems of harassment by various officers, along with the sexual assaults" and in support of his requests for reduction in custody and a transfer, he "submitted documents which chronicled these events . . . ." (Id. at 17-18.) Defendants Guerra and Carnazzo informed Plaintiff that they had already denied his request "in a separate 602 (Log num: CTF-S-07-00306) that was at the third level of Review." (Id. at 18.) Plaintiff claims that Defendants Guerra and Carnazzo

> were already biased against Plaintiff for him having successfully fil[ed] an inmate appeal . . . and other appeals naming within them each of these defendants; all of whom were aware of Plaintiffs' [sic] on-going situation with Defendant Abanico, and the constant harassment that they (themselves) had witnessed, and willfully and deliberately failed to correct or prevent the retaliatory conduct of defendant Abanico.

(Id. at 19.) He further claims that Defendants Guerra and Carnazzo "used their administrative position to set an atmosphere of disrespect, and reprisal throughout their subordinates." (Id.)

On February 21, 2007, Plaintiff mailed letters with supporting documents to Senators Machado and Ortiz as well as to Defendants Curry, Kane and Tilton regarding the constant harassment, reprisal, and unwarranted incidents that Plaintiff had been subjected to

after filing his sexual assault complaint against Defendant Abanico. (Id. at 20.)

On July 20, 2007, Plaintiff claims, he was stopped and searched by Defendants Correctional Officers J. De La Cruz and R. Balicata. Plaintiff claims that, shortly afterwards, he was stopped by Defendant Abanico, who directed Defendant Rayasa to search Plaintiff. Plaintiff claims that Defendant Rayasa "repeatly [sic] grabbed hold of Plaintiff's penis and scrotum in a very inappropriate manner, sexually assaulting Plaintiff as Defendant Abanico looked on approvingly." (Id. at 24.) Plaintiff claims that Defendants Abanico, De La Cruz and Balicata did nothing to stop Defendant Rayasa.

On August 29, 2007, Plaintiff was stopped by Defendant Abanico, who told Plaintiff to "get up against the wall." (Id. at 25.) However, Plaintiff refused to allow Defendant Abanico to search him. Plaintiff requested Defendant Correctional Officer N. Garnett to search him instead, but she refused. Plaintiff demanded to speak with a sergeant and "began to raise his voice so that everybody returning from chow could hear him." (Id. at 26.) One of the officers activated a personal alarm, and Defendant Abanico attempted to put restraints on Plaintiff while Defendant Garnett grabbed Plaintiff's left hand. Plaintiff claims that he "was not offering any resistence to these officers abuse." (Id. at 27.) Plaintiff alleges that Defendant Abanico began "fumbling with the cuffs on Plaintiff's right waist, became so frustrated that he punched the Plaintiff in his right side." (Id.) Defendant Abanico "finally got the cuffs on, and Plaintiff was placed in a waiting

cage for almost two (2) hours before he was released back to his unit." (Id.)

## DISCUSSION

I.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

II.  Plaintiff's Claims

    A.  Claims Stemming from Alleged Sexual Assaults by Defendants Abanico and Rayasa

        1.  Eighth Amendment Claims

Plaintiff claims that on August 18, 2006 and September 6, 2006, Defendant Abanico conducted random non-emergency related clothed body searches on Plaintiff. Defendant Abanico touched him in an inappropriate manner by grabbing his penis and massaging his genitals. He alleges Defendants Padilla and Lynch are liable for

6

failing to intervene.  In addition, Plaintiff argues that because Defendants Thomas, Curry, Tilton and Kane knew of the alleged incident and are Defendant Abanico's supervisors, they are liable for his conduct on the basis of supervisory liability.  Plaintiff also alleges an Eighth Amendment claim against Defendant Rayasa, stemming from a similar incident of alleged sexual assault on July 20, 2007.  Plaintiff alleges Defendants Abanico, De La Cruz and Balicata are liable for failing to intervene, and Defendant CTF Sergeant G. Elliot is liable for the conduct of his subordinate, Defendant Rayasa, on the basis of supervisory liability because he knew of the alleged incident.

Sexual assault, coercion and harassment certainly may violate contemporary standards of decency and cause physical and psychological harm.  See Jordan v. Gardner, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (en banc).  However, not every malevolent touch by a prison guard or official gives rise to an Eighth Amendment violation -- the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of force.  See Hudson v. McMillian, 503 U.S. 1, 9-10 (1992); Berryhill v. Schriro, 137 F.3d 1073, 1076 (8th Cir. 1998) (no Eighth Amendment violation where employees briefly touched inmate's buttocks with apparent intent to embarrass him). A prisoner therefore must establish that the alleged sexual harassment was egregious, pervasive and/or widespread in order to state a claim under the Eighth Amendment.  See, e.g., Jordan, 986 F.2d at 1525-31 (prison policy requiring male guards to conduct body searches on female prisoners); Watson v. Jones, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (correctional officer sexually harassed two

7

inmates on almost daily basis for two months by conducting deliberate examination of genitalia and anus).

Here, according to Plaintiff, Defendants Abanico and Rayasa handled Plaintiff's penis and genitals during clothed body searches. Liberally construed, Plaintiff has stated a cognizable claim that Defendants Abanico and Rayasa violated his Eighth Amendment rights. However, Plaintiff has failed to state cognizable Eighth Amendment claims against Defendants Padilla, Lynch, De La Cruz and Balicata for their failure to intervene, or cognizable supervisory liability claims against Defendants Thomas, Curry, Tilton, Kane and Elliot. Therefore, these claims are DISMISSED for failure to state a claim for relief.

### 2. Retaliation Claims

Plaintiff claims his First Amendment rights were violated by Defendant Abanico, who retaliated against Plaintiff for filing a complaint relating to the alleged sexual assaults. Plaintiff also alleges retaliation claims against Defendants Guerra and Carnazzo for denying his request to be transferred and failing to correct or prevent the retaliatory conduct of Defendant Abanico, in retaliation for Plaintiff filing past grievances against them.

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and

8

that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Accordingly, a prisoner suing prison officials under § 1983 for retaliation must allege he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). The prisoner also must allege the defendants' actions caused him some injury. Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

Here, Plaintiff's complaint alleges a cognizable claim that Defendant Abanico retaliated against him for filing a complaint relating to the sexual assault incidents. However, Plaintiff's conclusory retaliation claims against Defendants Guerra and Carnazzo fail to allege that they retaliated against him for filing his grievances. Accordingly, Plaintiff has stated a cognizable retaliation claim against Defendant Abanico. His retaliation claims against Defendants Guerra and Carnazzo are DISMISSED for failure to state a claim.

B. Claims Stemming from Alleged Use of Excessive Force by Defendant Abanico

The Court liberally construes Plaintiff's claim that he was roughly handled and punched by Defendant Abanico while being restrained on August 29, 2007 to allege that he was subject to excessive force.

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth

9

Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). "'After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, see Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official must possess a sufficiently culpable state of mind, i.e., the offending conduct must be wanton, see id. (citing Wilson, 501 U.S. at 297); LeMaire v. Maass, 12 F.3d 1444, 1451 (9th Cir. 1993).

Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. See Hudson, 503 U.S. at 6-7; Whitley, 475 U.S. at 320-21. As mentioned above, every malevolent touch by a prison guard does not give rise to a federal cause of action; the Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force. See Hudson, 503 U.S. at 9-10.

Here, Plaintiff's alleged rough handling by Defendant Abanico was de minimis. Accordingly, Plaintiff's Eighth Amendment claim against Defendant Abanico stemming from the August 29, 2007 incident is DISMISSED for failure to state a claim for relief.
//
//

C.  Harassment, Deprivation of Property and Supervisory Liability Claims

A pattern of maliciously motivated conduct or calculated harassment unrelated to prison needs may constitute cruel and unusual punishment, even if isolated incidents of such conduct would not violate a prisoner's rights. See Hudson v. Palmer, 468 U.S. 517, 528-30 (1984). Plaintiff, however, has not alleged conduct amounting to a deliberate, malicious campaign of harassment. His complaints about alleged harassment by prison officials and deprivation of property (i.e., his radio and black tennis shoes) apparently involved only isolated incidents. Furthermore, when a prisoner suffers a property loss that is random and unauthorized his remedy lies with the state, because neither the negligent nor intentional deprivation of property states a due process claim under § 1983 under such circumstances. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson, 468 U.S. at 533 (intentional destruction of inmate's property).

The alleged incidents of harassment in Plaintiff's complaint were not serious enough cumulatively to amount to a pattern of harassment. Plaintiff's complaint cites several annoyances by prison officials, but does not allege that he has been targeted for harassment by prison officials. Accordingly, all remaining claims relating to harassment and deprivation of property as well as all related supervisory liability claims are DISMISSED for failure to state a claim for relief.

11

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff has stated a cognizable Eighth Amendment claim, stemming from the alleged acts of sexual assault, against Defendant Abanico and Rayasa. Plaintiff's Eighth Amendment claims against Defendants Padilla, Lynch, De La Cruz and Balicata for their failure to intervene, as well as his supervisory liability claims against Defendants Thomas, Curry, Tilton, Kane and Elliot are DISMISSED for failure to state a claim for relief.

2. The Court finds COGNIZABLE Plaintiff's retaliation claim against Defendant Abanico. Plaintiff's retaliation claims against Defendants Guerra and Carnazzo are DISMISSED for failure to state a claim.

3. Plaintiff's Eighth Amendment claim against Defendant Abanico stemming from the alleged use of excessive force on August 29, 2007 is DISMISSED for failure to state a claim for relief.

4. All remaining claims of harassment and deprivation of property as well as the related supervisory liability claims are DISMISSED for failure to state a claim for relief.

5. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to <u>Defendants CTF Correctional Officers E. Abanico and L. Rayasa at CTF</u>. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

12

6. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

7. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

   a. No later than <u>ninety (90) days</u> from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to

13

Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

        b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986)

14

(party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

     c.  If Defendants wish to file a reply brief, they shall do so no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

     d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

  8.  Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

  9.  All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

  10.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion

11. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: 2/1/10

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE NORTHERN DISTRICT OF CALIFORNIA |

JOHN-CHARLES et al,

        Plaintiff,

v.

ABANICO et al,

        Defendant.

Case Number: CV07-05786 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 1, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Curtis M. John-Charles T-56703
Fac. 4-21-F-2up
CSP-Vacaville
2100 Peabody Road
P.O. Box 4000
Vacaville, CA 95696-4000

Dated: February 1, 2010

                                      Richard W. Wieking, Clerk
                                      By: Sheilah Cahill, Deputy Clerk

P:\PRO-SE\CW\CR.07\John-Charles5786.service.wpd 17